Margaret H. Regan v. Commissioner.
Regan v. Commissioner
Docket No. 5113-69 SC.
United States Tax Court
T.C. Memo 1970-138; 1970 Tax Ct. Memo LEXIS 223; 29 T.C.M. (CCH) 612; T.C.M. (RIA) 70138; June 2, 1970, Filed Margaret H. Regan, pro se, 517 Morrvue Drive, Cincinnati, Ohio, Rudolf L. Jansen, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency against the petitioner, Margaret H. Regan, for the year 1967 in the amount of $113.92. The sole issue is whether petitioner may use the head of household rates as provided by section 1(b), I.R.C. 1954, in computing her Federal income tax for her taxable year 1967. The facts are stipulated. The petitioner, Margaret H. Regan, is an individual who resided in Cincinnati, Ohio, at the time of the filing of her petition and the trial herein. She filed her individual Federal income tax return for the year 1967 with the district director of internal revenue, Cincinnati, Ohio. During the year 1967 petitioner was unmarried. Cornelius J. Regan ("Mr. *225 Regan"), the petitioner's father, resided with her for the entire year 1967 at 517 Morrvue Drive, Cincinnati, Ohio. He was 70 years of age at that time. No other person resided with petitioner during 1967. Mr. Regan retired from the General Electric Company in 1964. During 1967 he drew a pension from General Electric in the amount of $80 per month or a total of $960 for the entire year. Additionally, he received social security benefits in the amount of $125 per month or a total amount of $1,500 for the entire year 1967. All of the $960 pension and the $1,500 social security benefits were expended by him during 1967. During the year 1967 the following expenses were incurred in the household occupied by petitioner and her father: House mortgage - interest and principal
$ 540.0
Cincinnati Gas & Electric
372.00
Cincinnati Water Works
46.20
Rumpke - Refuse removal
28.00
Cincinnati Suburban Bell Tele- phone Co.
104.20
Real property tax
301.68
Household insurance
56.00
Food 1,040.00
Total
$2,488.08
In addition to the foregoing expenses petitioner paid her father's Blue Cross insurance premiums in the amount of $43.80. In her Federal income tax return *226 for 1967 petitioner reported total income in the amount of $8,960.24. After taking the standard deduction and one exemption for herself, she computed the tax due on the amount of $7,464.22, using the rate provided for an unmarried head of household. She did not take an exemption for her father. The 1967 Form 1040 Instructions for preparing one's Federal Income Tax Return, which accompanied the income tax return sent to petitioner, contained the following statement in regard to head of household rates: Special Computations Unmarried Head of Household. - The law provides special tax rates for any individual who qualifies as a "Head of Household." (See Schedule III, page 11, and Tax Table B, page 13.) Only the following persons may qualify: (a) one who is unmarried (or legally separated) at the end of the taxable year, or (b) one who is married at the end of the year to an individual who was a nonresident alien at any time during the taxable year. In addition, you must have furnished over half of the cost of maintaining as your home a household which during the entire year, except for temporary absence, was occupied as the principal place of abode and as a member of such household *227 by (1) any related person other than your unmarried child or stepchild (see list on page 4) for whom you are entitled to a deduction for an exemption, unless the deduction arises from a multiple support agreement, or (2) your unmarried child, grandchild, or stepchild, even though such child is not a dependent. The home you maintain for your father and mother need not be your residence. 613 The Commissioner determined a deficiency in petitioner's income tax, stating in his letter of deficiency: It has been determined tht you do not qualify for the unmarried head of the household status under section 1 of the Code since it has not been established that you are entitled to a deduction for the taxable year for your father under section 151 of the Code. Sec. 1(b)(2) of the Code. Accordingly, your income tax has been recomputed in accordance with the provisions of section 1(a) of the Code. The issue is whether petitioner is entitled to use the head of household rates as provided by section 1(b), I.R.C. 1954. Section 1(b)(2) describes when an individual shall be considered a head of household. That section provides: SEC. 1. TAX IMPOSED. * * * (b) Rates of Tax on Heads of *228 Households. * * * (2) Definition of head of household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, stepson, daughter, or step-daughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, step-daughter or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. *229 For purposes of this paragraph and of section 2(b)(1)(B), an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. Sections 151 and 152, I.R.C. 1954, describe the conditions under which a taxpayer is entitled to an exemption for dependents. Specifically, section 151(e) [1] permits an exemption for each dependent whose gross income for the taxable year in which the taxable year of the taxpayer begins is less than $600. Section 152 defines the term "dependent" as any individual of specified classes (including either parent of the taxpayer) "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *." *230 On the facts before us, petitioner fails to qualify for head of household status on either of two grounds. First, the record fails to show that petitioner contributed "over half of the cost of maintaining the household" during 1967, as required by the last sentence of section 1(b)(2). Indeed, in view of the stipulated fact that her father spent all of the $2,460 received by him in 1967 and that the household expenses were $2,488.08, the inference could well be otherwise. In view of the state of the record we must rule against her on this point. Second, the record fails to show that petitioner's father was a "dependent" under section 151, a necessary condition under section 1(b)(2)(B) for her qualification as head of household in this case. Since her father received a $960 pension from General Electric in 1967 which has not been shown to be excludable from his gross income, there has been a failure to comply with the requirement of section 151(e)(1)(A) limiting the $600 dependency exemption to those (other than children) whose "gross income for the calendar year * * * is less than $600." A further reason why the "dependency" condition was not satisfied here is that there is no showing *231 that petitioner furnished more than half of her father's support in 1967 as required by section 152(a). Petitioner argued at the trial herein that, in using the head of household rates, she 614 relied on the instructions accompanying her Federal income tax return for 1967. Under those instructions, set forth above, it was required that petitioner be entitled to a dependency exemption for her father and that over one-half the cost of maintaining the household be furnished by her. Since, however, we have found that petitioner has failed to establish that she furnished over half the cost of maintaining her home or that she was entitled to a dependency exemption for her father, her position is not supported by the instructions referred to. Accordingly, we need not consider whether the plain words of the statute in any event would prevail over the "instructions." Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.↩